

FILED
CLERK, U.S. DISTRICT COURT

DEC 2 0 2022

CENTRAL DISTRICT OF CALIFORNIA
BY            AE        DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAMON ANTONIO AYALA-CANO,<br><br>Defendant. | Case No. 22-MJ-4969<br><br>ORDER OF DETENTION<br><br>[Fed. R. Crim. P. 32.1(a)(6);<br>18 U.S.C. §§ 3143(a)(1), 3148(b)] |

I.

On December 20, 2022, Defendant Ramon Antonio Ayala-Cano, assistaed by a Spanish language interpreter, made his initial appearance in this district following his arrest on the petition for revocation of supervised release and warrant for arrest issued in the Southern District of Texas on November 17, 2022. Deputy Federal Public Defender Jake Crammer was appointed to represent Defendant. The government was represented by Assistant U.S. Attorney David Williams.

1. Defendant submitted on the recommendation, by Pretrial Services, that Defendant be detained.

II.

Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. § 3143(a) following Defendant's arrest for alleged violation(s) of the terms of Defendant's ☐ probation / ☒ supervised release,

The Court finds that :

A. ☒ Defendant has not carried his burden of establishing by clear and convincing evidence that Defendant will appear for further proceedings as required if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

    ☒ allegations in the petition: while on supervised release, Defendant was arrested for and charged with assault.

    ☒ Defendant has no legal status in the United States

    ☒ No bail resources

B. ☒ Defendant has not carried his burden of establishing by clear and convincing evidence that Defendant will not endanger the safety of any other person or the community if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

    ☒ criminal history includes illegal entry after deportation and contacts with law enforcement.

III.

IT IS THEREFORE ORDERED that the defendant is remanded to the custody of the U.S. Marshal to be removed to the Southern District of Texas forthwith.

<u>The Court directs government counsel to follow up with government counsel in the charging district regarding Defendant's next scheduled date, and provide this</u>

information to DFPD Crammer in order to monitor the status of defendant's transportation to, and arrival in, the charging district for his next appearance.

Dated: December 20, 2022

                                                /s/
                              ALKA SAGAR
                              UNITED STATES MAGISTRATE JUDGE